## ATTACHING THE VENDOR'S STATEMENT TO A CONDITIONAL SALE CONTRACT.

Court of Appeals for Butler County.

CHARLES OGLESBEY V. THE NATIONAL BOX BOARD COMPANY.

Decided, 1913.

*Conditional Sales—Method of Placing Vendor's Statement "Thereon"— Section 8568 Construed.*

It is a sufficient compliance with Section 8568, General Code, relating to conditional sales of property, if the statement required by said section to be placed "thereon" under oath, made by the vendor or his agent, is written upon a separate piece of paper and attached by means of fasteners to the conditional sale contract. *National Cash Register Co. v. Closs, Assignee,* 12 C.C.(N.S.), 15, overruled.

*Stanley Shaffer, B. F. Harwitz* and *W. C. Shepherd,* for plaintiff in error.

JONES (E. H.), J.

The question decided by the court below, from whose judgment this error proceeding is prosecuted, arose upon an intervening petition filed by plaintiff in error, the Hooven, Owens & Rentschler Company, claiming title to an engine which it had previously sold to the National Box Board Company, which company later went into the hands of a receiver. This controversy is between the mortgagees and general creditors and the vendor of the engine, plaintiff in error here, and presents the question whether or not the engine shall be considered as general assets of the concern, and whether or not it will be sold and the proceeds applied generally towards the payment of debts, or whether it remains the property of Hooven, Owens & Rentschler Company under the terms of conditional sale, which was evidenced by a paper writing in the ordinary form as provided by Section 8568, General Code, and duly filed by them in the recorder's office. This conditional sale is attacked by the general

creditors as not binding by reason of the fact that the statement required by Section 8568 to be "thereon" under oath made by the vendor or his agent, is not in compliance with the statute in that it is not written upon the same piece of paper as the copy of the contract, but upon a separate piece of paper and attached by means of brass fasteners to said copy of the conditional sale contract, which itself consisted of several pieces of paper attached together by similar fasteners.

Defendant in error, in support of its contention, relies upon the case of *National Cash Register Company* v. *Closs, Assignee*, 12 C.C. (N.S.), 15. It appears that case supports the contention here made by the defendant in error, as well as the judgment of the lower court; but on careful consideration of the question here presented we feel that we are not bound by that decision and therefore must decline to follow it. The decision in that case seems to have been based upon the conviction that the word "thereon" had the same force and effect as had the language in regard to the acknowledgment of a deed in Section 8510, General Code, which expressly provides that the certificate must be on the same sheet on which the instrument is written or printed and which was construed in *Winkler* v. *Higgins*, 9 O. S., 599, to require strict compliance in order to make a valid deed. But the case of *Norman* v. *Shepherd*, 38 O. S., 320, held good a mortgage which was written on several sheets with a material part the testatum clause, upon the same sheet as the certificate of acknowledgment

We are of the opinion that the requirements of Section 8568 have been sufficiently complied with in the preparation and filing of the contract of conditional sale, and that it reserved to the Hooven, Owens & Rentschler Company title in said engine against the claims of all creditors of the National Box Board Company, including the prior mortgagees.

Upon the other question involved in this case, viz., as to whether or not this engine became a fixture, we are clearly of the opinion that it did not; that it remained personalty in accordance with the terms of the contract which evidenced the intention of the parties and was notice to all persons.

It follows that the judgment of the lower court should be reversed and judgment entered for the vendor, plaintiff in error.

SWING, J., and JONES (O. B.), J., concur.